## MUHLFELD v. O'CONNOR.

PATENTS; STARE DECISIS; ASSISTANT COMMISSIONER; APPEAL AND ERROR.

The exercise of his discretion in matters of procedure—which, in the absence of abuse, will not be interfered with by this court on appeal—is involved when an Assistant Commissioner of Patents, in reconsidering a decision of his predecessor reviving an abandoned patent, under a rule of the Patent Office permitting such reconsideration in accordance with the principles governing the granting of new trials, sets aside the former judgment, declares the application abandoned, and awards priority to the other party in an interference declared upon the revived application, upon the ground that if the new evidence before him had been before his predecessor, the petition for revival would have been denied. · (Citing *Richards* v. *Meissner*, 24 App. D. C. 309; *Re E. C. Atkins & Co.* 29 App. D. C. 385; *American Stove Co.* v. *Detroit Stove Works*, 31 App. D. C. 304; *Kinsman* v. *Strohm*, 31 App. D. C. 581.)

No. 909.   Patent Appeals.   Submitted November 9, 1914.   Decided December 7, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from the Commissioner of Patents in an interference proceeding. The usual questions arising in such cases relating to mechanism, conception, disclosure, and reduction to practice, are not involved in this appeal.

Appellant, John E. Muhlfeld, filed an application September 6, 1907, for a patent on a compound graduated friction draft rigging for railway cars. The application was rejected February 28, 1908. On March 23, 1908, while appellant's application was under rejection, appellee, John F. O'Connor, through the same attorneys that represented appellant, filed an application for a patent for friction draft rigging for railway cars, which application matured into a patent January 12, 1909. During the pendency of appellee's application, his attorneys, in response to suggestions from the Patent Office, made several amendments. On December 14, 1908, after appellee's application had been placed in position for allowance, the attorneys, on behalf of Muhlfeld, filed the following disclaimer:

Hon. Commissioner of Patents,

Sir:—Amendment is hereby made by inserting at the end of the specification and before the claims the following:

"I hereby disclaim as not of my invention the structure shown and the subject of claim in the John F. O'Connor application, Serial No. 422,600, filed March 23, 1908."

Respectfully,

John E. Muhlfeld,

By Munday, Evarts, Adcock, & Clarke, Attorneys.

This disclaimer was accepted by the Primary Examiner, and on the following day appellee's application was approved for patent.

It appears that the application of appellant was abandoned for failure to prosecute on February 28, 1909, and a petition to revive was filed March 13, 1913. The abandoned application

was allowed to repose for more than four years.  On this petition and the *ex parte* affidavits in support thereof, the then Assistant Commissioner revived the application.  The petition to revive was accompanied by an amendment, which was held by the Primary Examiner to be responsive to the official action of rejection.  The amendment incorporated into appellant's application the claims of appellee's patent, which formed the issues of the present interference.  The interference was declared May 20, 1913.  After the preliminary statements had been filed, appellee moved to dissolve the interference on the grounds: "(1) Muhlfeld has no right to make the claims forming the counts in interference, and (2) that there has been such informality in the declaration of the interference as to preclude the proper determination of the question of priority of invention."  In support of the motion a number of grounds were specified.

The motion to dissolve never came before the Primary Examiner.  The Examiner of Interferences denied appellee's motion to transmit the motion to dissolve for the consideration of the Primary Examiner for certain reasons specified in support of the motion, wherein it was contended that appellant's application was improperly revived, and that the disclaimer barred him from contesting with appellee the question of priority of invention.  Appellee appealed from this decision to the Commissioner of Patents.  The appeal has never been disposed of, but the First Assistant Commissioner, on the petition of appellee, reopened the case as to the right of appellant to have his application revived, and, after the submission of considerable evidence by the parties, set aside the decision of his predecessor reviving appellant's application, declared the application abandoned, and awarded priority of invention to appellee.  It is from this decision that the case comes here on appeal.


*Messrs. Ritter & Ritter* for the appellant.


*Mr. George I. Haight* and *Mr. H. N. Low* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

A review of the record discloses that a very different case was presented to the Assistant Commissioner on rehearing from that on which appellant's application was revived. Appellant's evidence is so conflicting in many important particulars that the Assistant Commissioner was fully justified in finding "that had all the evidence which is now present been before the former First Assistant Commissioner, a petition for the revival of the application would have been denied." The importance of adhering to the doctrine of *stare decisis* is recognized, but the rule of the Patent Office specifically provides that "cases which have been deliberately decided by one Commissioner will not be reconsidered by his successor, except in accordance with the principles which govern the granting of new trials." The rule was not violated in this instance, since the new evidence adduced in support of the petition for rehearing would have been ample to justify the setting aside of a judgment and the granting of a new trial.

It is unnecessary, in view of the discretion imposed in the Commissioner of Patents in matters of procedure, to make a technical review of the evidence for the purpose of determining its sufficiency to support the conclusion reached by the Assistant Commissioner. Our inquiry is limited to ascertaining whether the Assistant Commissioner, in reversing his predecessor, was guilty of an abuse of discretion. If not, we are not disposed to interfere with the ruling. Having satisfied ourselves that there has been no abuse of power on the part of the Assistant Commissioner, we will not interfere with the exercise of his discretion. *Kinsman* v. *Strohm,* 31 App. D. C. 581; *American Stove Co.* v. *Detroit Stove Works,* 31 App. D. C. 304; *Re E. C. Atkins & Co.* 29 App. D. C. 385; *Richards* v. *Meissner,* 24 App. D. C. 309.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                    *Affirmed.*